I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/18/2011

DEPUTY CLERK

"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

APR 18 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GARCIA,<br><br>    Petitioner,<br><br>vs.<br><br>FRANCISCO JACQUEZ,<br><br>    Respondent. | Case No. EDCV 09-1296-SVW (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Objections to the Report and Recommendation ("Objs.") have been filed by petitioner.

Petitioner's objections are directed solely to the parts of the R&R where the Magistrate Judge found and concluded that petitioner's instructional error claims relating to CALCRIM No. 2670 and CALCRIM No. 3475 were procedurally defaulted pursuant to the California rule that, where the instruction at issue was a correct statement of the law, any claim that the trial court erred by failing to give an amplifying or clarifying instruction is waived by the failure to request the amplifying or clarifying instruction. In his objections, petitioner makes two contentions.

First, petitioner contends that his counsel's ineffective assistance constituted

1

the requisite "cause" for the procedural default. (See Objs. at 2-3.) As noted in the R&R, to satisfy his burden of demonstrating "cause" for the procedural default, petitioner must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). In Murray, the Supreme Court did state that "constitutionally ineffective assistance of counsel . . . is cause for a procedural default." Murray, 477 U.S. at 488; see also Bonin v. Calderon, 77 F.3d 1155, 1158 (9th Cir.), cert. denied, 516 U.S. 1143 (1996). However, the Supreme Court also stated that a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. See Murray, 477 U.S. at 489. Here, petitioner did not present his claim of ineffective assistance of counsel in any of his post-conviction state court filings.

Second, petitioner contends that, due to his counsel's ineffective assistance, he is entitled to review of his claim(s) "regardless of possible procedural default." (See Objs. at 3-4.) In support of this proposition, petitioner has cited Rose v. Lundy, 455 U.S. 509, 543-44, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). However, in Rose, the issue was exhaustion of state remedies, not procedural default. Moreover, the pages cited by petitioner come from the dissenting opinion and therefore have no precedential effect. As explained in the R&R, the Supreme Court has recognized an exception to the requirement that the petitioner demonstrate both "cause" and "prejudice" for his procedural default, where the petitioner can demonstrate that failure to consider the procedurally defaulted claim will result in a fundamental miscarriage of justice because he is actually innocent of the crimes of which he was convicted. See, e.g., Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Murray, 477 U.S. at 496. However, in order to qualify for this exception, the petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (recognizing that such evidence "is obviously unavailable in the vast majority of cases"). Further, to establish the requisite probability that a constitutional violation probably has resulted in the conviction of one who is actually innocent, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. Here, petitioner has not even purported to make the requisite showing, supported by new reliable evidence, that he is actually innocent of the crimes of conviction.

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: April 12, 2011

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge

3